## McEWEN, trustee, *v.* KELLY *et al.*

There was no error in sustaining the general demurrer of two of the defendants and dismissing the petition as to them.

DECEMBER 13, 1913.

Equitable petition. Before Judge Fite. Bartow superior court. November 11, 1912.

*J. T. Norris,* for plaintiff.   *Thomas W. Milner & Son, Neel & Neel,* and *O. T. Peeples,* for defendants.

HILL, J.   C. McEwen, as trustee in bankruptcy of the Southern Iron Company, a corporation, filed a petition against W. M. Kelly, W. H. D. Totten Jr., and W. C. Satterfield. The court sustained the general demurrer of the defendants Totten and Satterfield, and dismissed the petition as to them; and the plaintiff excepted. The pleaded facts were to the following effect: The defendants had been a partnership for the purpose of mining ores, and as such partnership had acquired assets and incurred liabilities. In October, 1906, they obtained a charter, and on October 23, 1906, organized a corporation known as the Southern Iron Company, with a capital stock of $10,000, all of which they subscribed for. Thereupon they elected themselves directors of the corporation; and in their capacity as directors and stockholders took over to the corporation the assets and liabilities of the partnership. It was alleged that the assets were not worth more than $4,399.71, and that the liabilities amounted to $8,362.29. The defendants assumed for the corporation at least $4,023.18 more liabilities than they received assets. Subsequently to the formation of the corporation, the defendants "diverted cash from the treasury of said corporation in payment of a part of the liabilities of said partnership, and a part of the same are still being held by creditors of said bankrupt corporation, who are claiming the right to the payment of the same out of the funds of the said bankrupt corporation." On account of the unbusinesslike method of keeping the books of the partnership and of the corporation, and the failure of some of the creditors to file claims for the amounts due them, plaintiff is unable to allege just what part of the liabilities of the partnership have been paid, and what part are proper charges against the corporation. The assumption of $4,023.18 of the liabilities of the partnership was without consideration to the corporation. The

defendants knew, or were chargeable with knowledge, of the actual market value of assets taken over by the corporation. The creditors of the corporation had no knowledge, actual or constructive, of the transaction by which the corporation received a transfer of the assets and assumed the liabilities of the partnership. The corporation was placed in bankruptcy at the instance of creditors, and the plaintiff was duly appointed and qualified as its trustee in bankruptcy. "The aforesaid defendants are indebted to your petitioner, by reason of the aforesaid facts, in a sum equal to the difference between the liabilities of the aforesaid partnership and the fair market value of the assets of the aforesaid partnership, and in at least the sum of $4,023.18," and interest. The prayers were, "that an auditor be appointed to ascertain the exact amount of the difference between the liabilities and the true market value of the assets of the partnership known as the Southern Iron Company, on the 23rd day of October, 1906, and that he report the same by proper order to this court; that petitioner have a judgment against aforesaid defendants," together with interest thereon; and for general relief.

The court properly sustained the general demurrer. It was not alleged that the transaction attacked was in any way connected with the subscription made by the defendants to the capital stock of the corporation, and there is no attempt to hold the defendants liable for any amount unpaid on their subscriptions. The only reference in the petition with respect to the defendants' subscription to the capital stock is the one to the effect that they were the subscribers to the entire capital stock of $10,000. With respect to the transaction which is the subject-matter of the suit, the allegation is that the defendants "took over to said corporation the assets of the aforesaid partnership and assumed the liabilities of aforesaid partnership." Construing this allegation most strongly against the pleader, we treat it as averring a bargain and sale between the defendants and the corporation. Under this construction, the alleged cause of action is based solely upon the contention that because the corporation agreed to assume more liabilities than it received assets, and because the defendants as directors and officers of the corporation made the trade for it, as individuals they are bound to see that the corporation received assets equal in value to the liabilities assumed. But it is not alleged that there was any

agreement to this effect. Under the allegations of the petition, there was no contract between the individuals composing the partnership and the corporation, whereby the former would transfer to the latter assets equal to the liabilities which the corporation agreed to assume, but merely an agreement to "take over" the assets and assume the liabilities. The action is not one seeking to rescind an alleged fraudulent transaction and to recover damages sustained; but merely to recover the difference between the value of the assets and the amount of the liabilities, because of the fact that the officers of the corporation acting for it in the transaction were dealing with themselves. There is no averment that the corporation has sustained any loss by reason of the transaction. The allegation that subsequently to the formation of the corporation the defendants "diverted cash from the treasury of said corporation in payment of a part of the liabilities of said partnership" does not show any injury to the corporation. Under the bargain with the partnership, the corporation was to pay the liabilities of the former, and it does not appear that the liabilities alleged to have been paid by it were in excess of the value of the assets it received, or, indeed, that the funds thus used were not a part of the assets which it received from the partnership, and which were charged with the payment of the partnership debts. No contract creating liability by its terms being alleged, and the petition failing to disclose that the corporation has suffered any injury or loss, the court did not err in sustaining the general demurrer of the defendants Satterfield and Totten, and in dismissing the petition as to them.

The bill of exceptions assigns error on the sustaining of a general demurrer and dismissing the petition as to the two defendants above named; and the record contains a judgment stating that on hearing the general demurrer of these two defendants, it was sustained and the case dismissed as to them. Accompanying the bill of exceptions is an agreement of counsel asserting that the court intended to sustain a general demurrer as to all of the defendants; and also an order of the judge passed subsequently to the approval of the bill of exceptions, attempting to amend the record so as to conform to this agreement. This was beyond the jurisdiction of the trial judge, and we consider the case as made by the record. *McEwen* v. *Kelly*, 140 *Ga.* 720 (79 S. E. 777).

*Judgment affirmed. All the Justices concur.*