### WILLIAMS *et al. v.* RANDOLPH *et al.*

HILL, J. Under the evidence in this case, the verdict was demanded, and the court did not err in directing a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*
AUGUST 13, 1915.

Equitable petition. Before Judge Mathews. Bibb superior court. May 9, 1914.

*Guyton Parks* and *West & Dasher,* for plaintiffs in error.
*Harris & Harris* and *Feagin & Hancock,* contra.

---

### JENKINS *v.* BOONE.

BECK, J. 1. It was error to admit in evidence a deed purporting to be executed by a corporation, signed with the name of the corporation "per R. C. Morgan, Secretary and Treasurer," where no seal was attached, and no evidence that authority had been conferred upon the officer executing the deed to perform such an act, and where there was no evidence to bring the case within the ruling made in the case of *Garmany* v. *Lawton,* 124 *Ga.* 876 (53 S. E. 669, 110 Am. St. R. 207). As set out in the brief of evidence, the deed claimed to have been executed in the name of the common grantor to the defendant was signed in the name of the grantor company by its secretary and treasurer "without the corporate seal;" nor does it appear that there was a seal of any sort. While another portion of the record indicates that some character of seal was attached, the brief of evidence will control as to what was introduced.

2. Under the ruling above made, if the deed under which the defendant claimed was excluded from evidence, there would be nothing to show that he had any conveyance from the alleged common grantor. Accordingly, charges dealing with the question of competition between this deed and that under which the plaintiff claimed, and with the question of actual and constructive notice to the defendant, were affected by the error above pointed out.

*Judgment reversed. All the Justices concur.*
AUGUST 13, 1915.

Complaint for land. Before Judge Mathews. Bibb superior court. May 23, 1914.

*Mallary & Wimberly,* for plaintiff.