## NEWTON, trustee, *v.* SOCIAL CIRCLE COTTON MILL COMPANY *et al.*

No. 8506. February 10, 1932.

*Joel B. Mallet* and *Brock, Sparks & Russell,* for plaintiff.

*Howell, Heyman & Bolding* and *W. P. Bloodworth,* for defendants.

HILL, J.  The controlling question presented for determination by the Supreme Court is whether or not there was a valid conveyance of the real estate in question to H. D. Head and E. S. Settle. The deed was signed: "The Jackson Mercantile Company, by J. B. Settle, President," The plaintiff in error contends that this act of the president of the Jackson Mercantile Company was merely the individual act of the president of the corporation, and was not authorized by the corporation.  It is contended therefore that there was no valid conveyance, that J. B. Settle, by virtue of the fact that he was president of the Jackson Mercantile Company, a corporation, had no authority to sell the real estate of the corporation without the express authority of the corporation itself; that before J. B. Settle, president of the corporation, would be authorized to execute deeds or other instruments of conveyance of the real estate belonging to the corporation, it would be necessary for such authority to be conferred on him either by the charter creating the corporation, or by the by-laws, or by the directors or stockholders of the corporation; that no evidence was introduced upon the hearing of the case which gave authority to the president of the corporation from any of the sources mentioned, or from any other source, to execute the deed in question.  It is further insisted that the evidence showed that no meeting of the board of directors or of the stockholders of the corporation was called, either to authorize the conveyance of the real estate in controversy or to ratify such conveyance, and that the act of J. B. Settle as president was his individual act, and not the act of the corporation itself.  It is also insisted that the deed was not under seal, so as to purport prima facie to be authority on the part of the corporation to execute the deed.  On the other hand the defendant contends that through a course of dealing for a long number of years the corporation had conferred on J. B. Settle, as president of the corporation, authority to execute any notes, deeds, or other papers necessary in the general conduct of the corporation's business, which authority he did exercise, and that it was sufficient to

authorize the execution of the deed in question. On the trial the plaintiff introduced a deed by which it acquired title to the real estate, and proved its possession of the building for more than twenty years. The defendant offered in evidence the warranty deed from the Jackson Mercantile Company, executed by J. B. Settle as president, dated July 16, 1929, conveying the property in controversy to G. D. Head and E. S. Settle. Upon its tender in evidence the plaintiff in error objected to its admission, on the ground that no authority had been shown for the execution of the deed, and that the seal of the corporation was not attached to the deed, and hence no presumption of his authority to execute the deed arose. The court overruled the objection and admitted the deed in evidence upon testimony which showed that J. B. Settle was the president and general manager of the Jackson Mercantile Company when the deed of July 16 was executed, that J. B. Settle, the president, was a majority stockholder in the Jackson Mercantile Company, and that he was a director of the corporation, and was, as stated by one of the witnesses, "the head man of the corporation." There were other stockholders of the corporation and four directors. These directors were J. B. Settle, G. D. Head, and E. S. Settle, the grantees in the warranty deed, and one other, H. L. Dougherty. J. B. Settle, the president, testified that he was accustomed to sign notes, deeds, and other papers for the corporation. The evidence discloses that no meeting of the board of directors was held, and that no resolution of the board of directors was passed, authorizing the president to execute the deed in question, nor was any action taken by the stockholders authorizing such execution. The evidence also discloses that J. B. Settle, G. D. Head, and E. S. Settle, the parties to the deed, discussed the situation informally, and it was agreed that the president should execute the deed; and it appears that H. L. Dougherty, the other director, did not participate in the informal discussion, and he knew nothing of the execution of the deed until after it had been executed, and then expressed surprise but no dissent that such paper had been signed.

In *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 452 (4), 460 (69 S. E. 734), it was ruled as we have quoted in our syllabus above. In the decision of the *Potts* case it was said: "A president of a corporation, merely in virtue of being such, has not power to

bind the company by a contract. *Brown* v. *Bass,* 132 *Ga.* 41 (63 S. E. 788). But such authority may be conferred generally, or specially in the individual case. If the charter or by-laws confer on him general power to contract, a contract made within the scope of such power is binding on the corporation. Or without this, power in the president to contract for a corporation may be inferred from a course of dealing, or it may ratify his acts." And see *Garmany* v. *Lawton,* 124 *Ga.* 876 (53 S. E. 669, 110 Am. St. R. 207). The decisions in the *Potts* and *Garmany* cases were referred to and cited with approval in *Collins* v. *American Exchange National Bank,* 147 *Ga.* 273, 278 (93 S. E. 880). And see, to the same effect, *Eminent Household of Columbian Woodmen* v. *Benz,* 11 *Ga. App.* 733, 736 (76 S. E. 99).

The case of *Almand* v. *Equitable Mortgage Co.,* 113 *Ga.* 983, 984 (39 S. E. 421), cited by the plaintiff in error, is different in its facts from the instant case. In that case the deed offered and admitted in evidence was objected to because of the absence of the corporate seal, and because it did not appear that the party signing it as president of the corporation was in fact the president. In the present case the evidence established the fact beyond controversy that J. B. Settle was the president of the corporation and the active manager and "head man" of the Jackson Mercantile Company, and had been for more than twenty years. The case of *Jenkins* v. *Boone,* 144 *Ga.* 44 (85 S. E. 1042), is also different in its facts. In the *Jenkins* case the single officer of the corporation signing the deed was not the president or chief executive of the corporation, but its secretary and treasurer, and there was no evidence in the case to bring it within the ruling laid down in *Garmany* v. *Lawton,* supra. In this case the deed from the Jackson Mercantile Company was signed by its president, J. B. Settle, who was its active head and general manager for a number of years; and we reach the conclusion that the evidence is sufficient to bring the case within the ruling announced in the *Potts* case, supra; and therefore that the trial judge did not err in admitting the deed in evidence in connection with other evidence in the case, and in refusing the injunction prayed for.

*Judgment affirmed.    All the Justices concur.*