MATHEWS *v.* FORT VALLEY COTTON MILLS *et al.*

No. 9878. SEPTEMBER 22, 1934. REHEARING DENIED SEPTEMBER 27, 1934.

582

586

*Duncan & Nunn, T. S. Felder,* and *Mathews & Mathews,* for plaintiff.

*C. L. Shepard, W. H. Harris, George B. Culpepper Jr.,* and *A. C. Riley,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.)

1. The fixing, voting, and paying of the salaries involved in this case, as detailed in the petition and its amendments against the Fort Valley Cotton Mills, were legal, and the court erred in dismissing the petition upon the demurrers asserting the contrary. It appears that the Cotton Mills for more than ten years had only three so-called directors, who together owned or controlled all of the shares of stock, and all concurred in the passage of the resolutions assigning a salary to the plaintiff's testator. Not only did no stockholder interpose or suggest any objection thereto, but the other two directors of the company, as alleged, having drawn far larger amounts than petitioner's testator, it would be unconscionable and abhorrent

to the principles of equity for a majority of the stockholders now to be permitted to take advantage of their own wrong. "Subsequent stockholders have no standing, as a general rule, to attack prior mismanagement of the corporation." Home Fire Insurance Co. *v.* Barber, 67 Neb. 644 (93 N. W. 1024, 60 L. R. A. 927, 108 Am. St. R. 716). "Stockholders who have acquired their shares and their interest in the corporation from the alleged wrong-doers, and through the prior mismanagement, have no standing to complain thereof." Ib.

2. In a proceeding in equity to assert rights of an equitable nature, or in seeking relief upon rules or principles of equity, a court of equity will not forget that the stockholders are the real and substantial beneficiaries of the recovery; and if the stockholders have no standing in equity, and are not equitably entitled to the remedy sought to be enforced in their behalf by the corporation, the corporation will not be permitted to recover. Home Fire Insurance Co. *v.* Barber, supra. "One can not shut his eyes to the fact that private corporations are all formed by an association of individuals, under authority of law, and that to this extent they are mere collections of individuals. The legal conception of a corporation as an entity distinct from its members is a mere fiction adopted by the law, for the purpose of enabling natural persons to transact business in this peculiar way; and, whenever it is necessary to do so, the law will look behind the corporate body, and recognize the members, and disregard the fiction." Clark on Corporations (2d ed.), 8. Stockholders in a corporation who participate in the performance of an act, or acquiesce in and ratify the same, are estopped to complain thereof in equity. "The weight of authority seems to be that a person who did not own stock at the time of the transactions complained of can not complain or bring a suit to have them declared illegal." *Alexander* v. *Searcy,* 81 *Ga.* 536 (8 S. E. 630, 12 Am. St. R. 337). Since the defendant corporations in this case must consist altogether of either those who did own stock, or those who did not own stock, at the time of the transactions of which they now complain, neither the defendant nor intervenor can interpose the defenses upon which reliance is placed. If a corporation acts or contracts in disregard of a by-law with the consent or acquiescence of the stockholders or members thereof, there is a waiver of the by-law, at least pro hac vice, whether it is

afterwards sought to set up the by-law as against strangers or as against its stockholders or members. 1 Fletcher on Corporations, 1036-1037, § 503, and cit. "When the board of directors has power to adopt by-laws, it has power to waive those adopted." 1 Fletcher on Corporations, 1040, § 503. See also *Garmany* v. *Lawton,* 124 *Ga.* 876, 880-881 (53 S. E. 669, 110 Am. St. R. 207), and cit.; *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 451 (4) (69 S. E. 734); *Collins* v. *American Exchange Bank,* 147 *Ga.* 273, 278 (93 S. E. 880); *Newton* v. *Social Circle Cotton Mill,* 174 *Ga.* 320 (162 S. E. 667). The charter of the defendant and intervenor corporations were attached to the petition, and required no minimum number of directors.

3. There is no statute in Georgia prohibiting a director of a corporation from voting on a resolution fixing a salary for himself. And when the other two directors, constituting two thirds of the board of directors, were present and voted for the resolution, and where the stockholders acquiesced therein for several years, such action of the directors will bind the corporation. Clark *v.* American Coal Co., 86 Iowa, 436 (53 N. W. 291, 17 L. R. A. 557). The acquisition of all the stock in a corporation by one person does not dissolve the corporation. *Newton Manufacturing Co.* v. *White,* 42 *Ga.* 148. The relation between a corporation and its director and general manager, who has full control of the corporation, is not that of trustee and cestui que trust, but that of principal and agent. *Knowles* v. *Rome Tribune Co.,* 127 *Ga.* 90 (56 S. E. 109).

4. The Fort Valley Knitting Mills as grantee, having accepted its security deed containing an express statement admitting that it was subject to a balance due to H. A. Mathews of $4,040, besides interest from April 30, 1923, at eight per cent., is estopped to question the validity of the note or security. Civil Code (1910), § 3736; *Southern Railway Co.* v. *Lancaster,* 149 *Ga.* 434, 439 (100 S. E. 380), et seq.

5. The transfer of the note and security deed to the plaintiff's testator was legal and valid, and the court erred in sustaining the demurrer which asserted the contrary. Although this note was signed in behalf of the corporation only by A. J. Evans as treasurer, it is specifically alleged in the petition that all of the financial affairs of the Knitting Mills, as well as the Cotton Mills, were handled by Evans, and that he had for many years been treasurer and

manager of the corporations and all their business and operations. From the petition it appears that the Knitting Mills freely and voluntarily entered into this agreement, and that it received a benefit therefrom. It can not accept the benefit arising from accepting the security deed on the assets of the Cotton Mills, and reject the detriment therefrom arising; and the petition alleged that it was endeavoring to reap the benefit of the security deed by foreclosure thereof. The relation between a corporation and its general manager is that of principal and agent. *Knowles* v. *Rome Tribune Co.*, supra. "The principal can not ratify in part and repudiate in part; he must adopt the whole or none." Civil Code (1910), § 3593. The attempted foreclosure of the security deed was a ratification, and "a ratification once made can not be revoked" (§ 3591); *Hunter* v. *Stembridge, 17 Ga. 243.*

6. The promissory note of the Fort Valley Knitting Mills to H. A. Mathews for the principal sum of $10,310, set forth in paragraph 4 b of the petition, is a valid and legal obligation of the Fort Valley Knitting Mills, representing salaries voted Mathews as vice-president of the Fort Valley Knitting Mills; and as this note is secured by the transfer of the note and security deed executed and delivered by the Fort Valley Cotton Mills to the Fort Valley Knitting Mills, his executrix is entitled to have the same foreclosed in equity.

7. The case made by the petition is not one in which the petitioner's testator, acting jointly with others in the perpetration of a fraud or other unlawful act, is deprived of her right of action upon the equitable principle that in such a case equity will leave the parties just as it found them, for the reason that each and all are in pari delicto. Consequently the foregoing principle was not applicable in this case. Furthermore, stockholders who have acquired their shares and interest in a corporation from alleged wrongdoers and through prior mismanagement have no standing to complain. Home Fire Insurance Co. *v.* Barber, and *Alexander* v. *Searcy,* supra. "In order to give a standing in a court of equity to a small minority of stockholders contesting as ultra vires an act of the directors against which a large majority made no objection, it must appear that they have exhausted all means within their reach to obtain redress of their grievances within the corporation itself, and that they were stockholders at the time of the transactions com-

plained of, or that the shares have devolved on them since by operation of law." Dimpfell v. Ohio &c. Ry. Co., 110 U. S. 209 (3 Sup. Ct. 517, 28 L. ed. 121).

8. It is an established rule of practice, and the correct procedure, to adjudicate demurrers to a petition without any reference whatever to the answers which may be filed by the defendant; and since we hold that the demurrers to the petition, which were sustained, should have been overruled, any ruling at this time upon the merits of the demurrers to the answer or intervention would be premature. It is therefore ordered that the rulings of the court upon demurrers to the answer and intervention be set aside, and that the court again pass upon the merits of the answer and intervention, and the demurrers thereto, in accordance with the views expressed in this decision.

*Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the judgment, but not in all that is said in the opinion.

BELL, J., concurs in the judgment, but does not agree that the exceptions referred to in paragraph 8 of the opinion were premature.