## JOHNSON *v.* KENNEDY.

No. 15714. FEBRUARY 6, 1947.

*William A. Fuller,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy* and *Blalock & Blalock,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ We are required first to determine if there is sufficient evidence in this record to authorize a jury to find that the claim in controversy is a voidable preference. In order to fall as such, there must be evidence of all of the following elements: (a) payment to an unsecured creditor of an antecedent debt; (b) such payment was made within four months of the bankruptcy; (c) there was reasonable cause to believe that the debtor was insolvent at the time; (d) it caused a depletion of the bankrupt's estate. § 60-a,

bankruptcy act of 1938; 11 U. S. C. A. § 96. Kennedy's claim obviously does not represent payment of an antecedent debt owing to Kennedy. It was made within the four-months period, but there is no evidence in this record to authorize a finding that Kennedy had reasonable cause to believe that the debtor was insolvent at the time. It did not operate as a depletion of the bankrupt's estate, since at the time it was executed Kennedy delivered an equal amount of cash to the bankrupt. This brief observation at once makes it clear that, under the general provisions of the bankruptcy law, the claim here would not be voidable as a preference. But in view of the evidence, which shows that this debt was created with the understanding and for the purpose of enabling the debtor to pay the unsecured creditors for the c. o. d. claims against the debtor, it is contended here by the plaintiff in error that, under the principle ruled in Dean v. Davis, 242 U. S. 438 (37 Sup. Ct. 130, 61 L. ed. 419), the claim is a preference forbidden by the bankruptcy act. In the case relied upon, it was held that the evidence showed that the debtor knew that he was insolvent, and that he knew that he was making a preferential payment, and he must have known that by the execution of the mortgage there involved, encumbering all of his estate to secure a note already past due, suspension of his business and bankruptcy would follow. The facts in this record are so different that the ruling there made can not be here applied. This record shows that the debtor, instead of knowing that it was insolvent, had monthly statements showing a net worth of approximately $50,000. It was engaged at the very time of the execution of the instrument here involved in negotiations with a prospective purchaser whereby the corporate assets were to be sold for an amount far in excess of all liabilities. It was said in the Dean case, supra: "The mortgage may be made in the expectation that thereby the debtor will extricate himself from a particular difficulty and be enabled to promote the interest of all other creditors by continuing the business. The lender who makes an advance for that purpose with full knowledge of the facts may be acting in perfect 'good faith.'" It is true, as ruled in the case referred to, that the question of good faith is a question of fact in each case, but where as here all the facts put in evidence show good faith and are irreconcilable with bad faith, no issue of fact is made, and the jury would not be authorized to find bad faith based

upon the evidence in this record. *Booth* v. *Atlanta Clearing House Assn.,* 132 *Ga.* 100 (63 S. E. 907). Prolonged discussion of this element of the case is unnecessary. The evidence in so far as fraud or voidable preference is concerned demanded the verdict directed.

■ But it is further contended by the trustee that this claim should have been disallowed because Kennedy as president of the corporation was negligent in allowing a deficit in the c. o. d. account, and, hence, was personally liable for the amount of this claim which was devoted exclusively to the payment of c. o. d. claims. Among the authorities holding that officers of a corporation are liable to the corporation for fraud and misconduct in the affairs of the corporation whereby loss is sustained, the plaintiff in error cites *Shannon* v. *Mobley,* 166 *Ga.* 430, 435 (143 S. E. 582), and various sections of volumes 3 and 13 of Fletcher's Cyclopedic Corporations. There can hardly be any dissent from the assertion that in the circumstances named the corporate officers are liable to the corporation for any loss or injury resulting to the corporation, but another and equally sound rule of law is that the extent of liability of such an officer is the amount of injury or damage suffered by the corporation. It is, therefore, obvious that Kennedy could not be held personally liable here, although he may have been ever so negligent, unless there is evidence that would authorize a finding that his negligence resulted in loss or injury to the corporation. *McEwen* v. *Kelly,* 140 *Ga.* 720 (79 S. E. 777); *McEwen* v. *Kelly,* 141 *Ga.* 137 (80 S. E. 633); *Shannon* v. *Mobley,* 166 *Ga.* 430 (143 S. E. 582); *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (161 S. E. 135). The only evidence in this record bearing at all upon the question as to what use was made of the funds that were taken from the c. o. d. account, resulting in a deficit, is that such funds were used for the payment of other obligations of the corporation. Under this evidence a finding was demanded that the corporation sustained no loss or injury. Therefore Kennedy as its president had no liability on this account. Since the ruling just made disposes of this question, it is unnecessary to rule whether or not, under *Georgia Hussars* v. *Haar,* 156 *Ga.* 21 (188 S. E. 563), and *Mathews* v. *Fort Valley Cotton Mills,* 179 *Ga.* 580 (176 S. E. 505), the contract put in evidence, which recites that, for a consideration stated, Kennedy is released from any and all liability to the cor-

846

poration, would constitute a bar to the further claim by the corporation on account of negligence resulting in loss. The verdict as directed by the court was demanded by the evidence.

Judgment affirmed. *All the Justices concur, except Atkinson and Wyatt, JJ., who dissent.*