## KNOWLES *v.* ROME TRIBUNE COMPANY.

Generally, the statute of limitations, in cases where the agency is a general and continuing one, begins to run on the principal's right of action against his agent from the time of the termination of the agency, or from the time the agent has rendered an accounting to his principal and offered to settle, or from the time the principal has made a demand upon the agent for an accounting and the latter has refused or neglected to render it.

Submitted July 18,—Decided December 12, 1906.

Complaint. Before Judge Wright. Floyd superior court. January 18, 1906.

The Rome Tribune Company, a corporation engaged in the publication of a newspaper at Rome, Ga., filed a suit against William A. Knowles, setting forth in its petition the following complaint and facts leading up thereto: About September 1, 1894, the defendant was elected a director of the company, and was at

the same time elected its general manager. He held these offices continuously until April 1, 1903, with all the powers and privileges incident thereto. As a director and as the general manager of the company, he had full control of its business, collecting all moneys and making all disbursements, and being entrusted with each and every detail of the business; and, as such, he "occupied a continuing trust for its benefit, and was in fact and effect the trustee of said Rome Tribune Company." The plaintiff had the utmost confidence in his ability, honesty, and integrity, and entrusted him with the full custody and control of all funds and property belonging to the company, and with full and complete control of all of its business. During the time he acted as a director and general manager, the defendant collected moneys belonging to the company to the amount of $590.16, "for which he did not account to said Rome Tribune Company, defrauding it of said sum in violation of his trust, as aforesaid." The books of the company covering this period show a shortage in the defendant's private account of $2,419.96, for which sum he has fraudulently failed to account, in direct violation of his trust. An itemized statement of the sums so collected and unaccounted for is made to appear by exhibits attached to the petition. By reason of the facts set forth, the defendant is indebted to the company in the sum of $3,010.12, which he has wrongfully and fraudulently converted to his own use, and for which he refused to account when a demand therefor was made upon him by the company on June 19, 1905, and which he still refuses to pay.

The petition was filed June 20, 1905. Some of the items shown by the statements attached are dated as early as May, 1895, while others are dated within the period of four years next preceding the institution of the suit. The defendant demurred generally to the petition, and also specially on the ground that each and every item shown by the exhibits to the petition was barred by the statute of limitations. It is to the overruling of this demurrer that exception is taken.

*Dean & Dean,* for plaintiff in error.

*Fouché & Fouché* and *Paul H. Doyal,* contra. .

EVANS, J. (After stating the facts.) The relation between a corporation and its director and general manager, who has full control of the business of the corporation, collecting all its moneys

and making all disbursements, and entrusted with each and every detail of the business of the corporation, is not technically that of trustee and cestui que trust, but that of principal and agent. 3 Clark & Mar. Priv. Corp. § 755 f. See *Southern Star Co.* v. *Cleghorn,* 59 *Ga.* 782. At least, such a relation would not be included among subsisting trusts, cognizable only in a court of equity, which by the Civil Code, § 3198, are declared to be without the ordinary statutes of limitation. The allegations of the petition present the case of a principal suing his general agent for certain moneys misappropriated and unaccounted for by the general agent. As a general rule, in cases where the agency is a general and continuing one, the statute of limitations begins to run on the principal's right of action against his agent from the time of the termination of the agency, or from the time the agent has rendered an accounting to his principal and offered to settle, or from the time the principal has made a demand upon the agent for an accounting and the latter has refused or neglected to render it. *Teasley* v. *Bradley,* 110 *Ga.* 497. The petition alleges that the agency was a continuous one from September 1, 1894, to April 1, 1903. The petition must be construed to mean, either that the defendant was elected director and general manager for an indefinite term, which was terminated on the latter date, or that he was elected for a definite term embracing the period within these dates. In either case, the principal's right of action against the general agent would not accrue until the termination of the agency, unless, as does not appear, the defendant was under a duty to render an accounting before that time. If on the trial it should develop that the defendant was elected director and general manager for a definite term, and re-elected for other terms during the period of time intervening the years 1894 and 1903, then upon the expiration of each term the principal would have had its right of action for liabilities of the agent up to that time. But this is not the case made by the petition, which alleges a cause of action by a principal against his continuing general agent which accrued upon the termination of the agency within four years of the filing of the suit. The action was, therefore, not on the face of the petition barred, and the court correctly so held on demurrer.

*Judgment affirmed. All the Justices concur.*