MOBLEY, superintendent of banks, *v.* FAIRCLOTH *et al.*

No. 8926. MAY 12, 1932.

*C. N. Davie* and *J. F. Kemp,* for plaintiff.
*Hal Lawson,* for defendants.

GILBERT, J. The ruling made in the headnotes is in response to a question certified by the Court of Appeals. In *Shannon* v. *Mobley,* 166 *Ga.* 430 (10) (143 S. E. 582), this court dealt with substantially the same question. The superintendent of banks

brought suit against the officers and directors of a bank, alleging violation of the banking laws in making worthless loans. There was a demurrer to the petition, on the ground that more than four years had elapsed from the making of the loan to the filing of the suit, and therefore the suit was barred by the statute of limitations. In that case it appeared that the loans were originally made more than four years prior to the filing of the suit, but that they were renewed from time to time. The court held that such suits "are not barred by the statute of limitations, when, as alleged in this petition, such loans were renewed from time to time under circumstances authorizing a finding of fact that such renewal was a neglect of duty imposed by law, and when suit is filed within the period of limitation, as computed from the date of renewal."

In *Council* v. *Brown,* 151 *Ga.* 564 (4) (107 S. E. 867), this court dealt with a case brought by a receiver of an insolvent bank against Brown and others, as directors of the bank, to recover damages because of alleged negligence on the part of the directors in making excessive and unlawful loans. The demurrer to the petition contained several grounds, among them one asserting that the suit was barred by the statute of limitations. The court held: "In so far as the petition alleges a cause of action because of loans made by directors in violation of the law and the express terms of the charter, the date of the acts alleged as a basis of recovery was more than four years before the bringing of the suit, and it is barred by the statute of limitations." In *Frost* v. *Arnaud,* 144 *Ga.* 26, 31 (85 S. E. 1028), this court said: "The relation of an officer to a corporation has been held not to be such a technical trust relationship as came within section 3782 of the Civil Code, declaring that subsisting trusts, cognizable only in a court of equity, are not within the ordinary statutes of limitation."

In *Knowles* v. *Rome Tribune Co.,* 127 *Ga.* 90 (56 S. E. 109), the Tribune Company brought suit against Knowles, alleging that the defendant was a director and general manager of that company; that he had full control of its business, collecting all moneys and making all disbursements, and being entrusted with each and every detail of the business; and that as such he "occupied a continuing trust for its benefit, and was in fact and in

effect the trustee of said Rome Tribune Company." There were other allegations elaborating the claim that Knowles occupied the position of a technical trustee and that the ordinary statute of limitations was not applicable. Mr. Justice Evans, speaking for the court, said: "The relation between a corporation and its director and general manager, who has full control of the business of the corporation, collecting all its moneys and making all disbursements, and entrusted with each and every detail of the business of the corporation, is not technically that of trustee and cestui que trust, but that of principal and agent. 3 Clark & Mar. Priv. Corp. § 755 f. See *Southern Star Co.* v. *Cleghorn,* 59 *Ga.* 782. At least such a relation would not be included among subsisting trusts, cognizable only in a court of equity, which by the Civil Code [1895], § 3198 [1910, § 3782], are declared to be without the ordinary statutes of limitation. The allegations of the petition present the case of a principal suing his general agent for certain moneys misappropriated by the general agent. As a general rule, in cases where the agency is a general and continuing one, the statute of limitations begins to run on the principal's right of action as against his agent from the time of the termination of the agency, or from the time the agent has rendered an accounting to his principal and offered to settle, or from the time the principal has made a demand upon the agent for an accounting and the latter has refused or neglected to render it. *Teasley* v. *Bradley,* 110 *Ga.* 497 [35 S. E. 782, 78 Am. St. R. 113]."

Judge Sibley, of the Northern District of Georgia, in Anderson *v.* Gailey, 33 Fed. (2d) 589, dealt with a similar question arising under the national banking laws: "Where the cause of action is itself a fraud cognizable in equity, the general rule is that limitation begins to run only when the fraud is discovered, or could by ordinary diligence have been discovered, by the complainant. 25 Cyc. 1173. The more rigid rule of the law courts that the statute runs from the commission of the fraud, though undiscovered (25 Cyc. 1180; *Pendergrast* v. *Foley,* 8 *Ga.* 1), is not of force in Georgia, because of the statute passed in 1856 (Civil Code, 1910, § 4380): 'If the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud.' This statute has

been considered applicable where legal relief because of fraud was sought *(Kirkley* v. *Sharp,* 98 *Ga.* 484, 25 S. E. 562); and also equitable *(Short* v. *Mathis,* 107 *Ga.* 807, 33 S. E. 694). It applies also where the cause of action was not an original fraud, but where its existence was fraudulently concealed. The fraud in the latter instance must be an actual fraud, and not a mere constructive one. *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426); *Maxwell* v. *Walsh,* 117 *Ga.* 467 (43 S. E. 704). . . Limitation could be tolled, therefore, only by a morally fraudulent concealment which deterred the persons entitled to sue from acting."

Under the banking law of this State, the affairs of all State banks must be rigidly examined by representatives appointed by the State superintendent of banks, and holding office especially for that purpose. The General Assembly adopted this method of bringing irregularities and violations of the law to the notice of interested parties and to the Department of Banking. It is likewise the duty of the superintendent of banks, on receiving notice of such matters, to require an immediate rectification, adopting such means as are deemed appropriate in each particular instance. The General Assembly deemed this sufficient and appropriate protection to all persons interested in or dealing with banks chartered by this State.

*All the Justices concur, except Hines, J., absent for providential cause.*