## McGill's Administratrix v. Phillips et al.

(Decided May 13, 1932.)

HAYNES CARTER for appellant.

JAMES & JAMES, FAUREST & FAUREST and D. M. COOPER for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

W. T. McGill brought this suit on February 17, 1930, against the appellees to recover the sum of $3,785, the balance alleged to be due on a note for $4,000 executed and delivered to him by the Nolin Milling Company on September 8, 1924. McGill died during the pendency of the action, and it was revived in the name of his administratrix.

The petition is in five paragraphs. In the frst paragraph it is alleged in substance that a corporation known as the Nolin Milling Company was organized in 1892, and that in 1916 plaintiff lent to the corporation the sum of $3,700 for which the corporation executed its note; that on June 29, 1917, a new corporation, also known as the Nolin Milling Company, was organized, and all of the assets of the first corporation were assigned to the new corporation; that on September 8, 1924, the milling company executed and delivered to plaintiff its note for $4,000 due one day after date, no part of which had been paid except a portion of the interest and a certain amount which had been prorated to it by the assignee of the company, leaving a balance of $3,785 due, with interest from December 27, 1929.

In paragraph 2 it was alleged that during the years 1918, 1919, and 1920 large dividends were declared by the directors of the corporation, which was insolvent during all of that period, and that the directors, who were the defendants below and are the appellees here, knew, or by the exercise of ordinary care could have known, that the corporation was insolvent at the time these dividends were declared and paid to its stockholders; that in 1929 the corporation executed a deed of assignment to A. H. Douglas, and that the assignee, after collecting all the assets of the corporation, paid to its creditors 16 per cent of their claims, and the plaintiff

received $800.66 on his note, leaving due the amount sued for; and that the defendants who were directors of the corporation were jointly and severally liable for the debt due the plaintiff by reason of having declared and paid out dividends in 1918, 1919, and 1920 when the corporation was insolvent.

In paragraph 3 it was alleged that on September 8, 1924, he demanded payment of the note then held by him against the corporation which amounted to the sum of $3,700 and was then past due, but that G. A. Boyd, who was one of the directors and also the secretary-treasurer of the corporation, acting for the corporation and all of its directors, falsely and fraudulently represented to the plaintiff that the Nolin Milling Company was in good financial condition, and that its assets largely exceeded its liabilities, and that he also falsely and fraudulently represented to the plaintiff that under the law each of the directors and stockholders were liable for the payment of the debts of the corporation to the extent of double the amount of stock owned by each of them; that these statements were false and made to deceive the plaintiff, and, relying thereon, he renewed the $3,700 loan, and lent an additional $300 to the corporation, for which the corporation executed its note for $4,000. The allegations of paragraphs 4 and 5 of the petition have no bearing on the questions here involved.

A motion to require the plaintiff to elect which cause of action he would prosecute was filed, and, before the motion was acted upon by the court, the plaintiff dismissed without prejudice the cause of action attempted to be set up in paragraph 3 of the petition. Demurrer to the other paragraphs of the petition were overruled, and the defendants answered traversing the allegations of the petition and pleading the five-year statute of limitations. A demurrer to the answer was overruled and the plaintiff filed a reply in which he attempted to avoid the plea of limitations by pleading substantially the same matter which had been set out in the third paragraph of his petition. A demurrer to the reply was sustained, the plaintiff declined to plead further, a judgment was entered dismissing his petition, and from that judgment he has appealed.

It is somewhat difficult to gather from the pleadings upon just what theory plaintiff based his cause of action, but in the brief filed in his behalf on this appeal it is

asserted that the cause of action is founded on section 548 of the Kentucky Statutes, which reads:

"If the directors of any incorporated company shall declare and pay any dividend when the corporation is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, they shall be jointly and severally individually liable for all debts of the corporation then existing, and for all that shall be thereafter incurred while they, or a majority of them, continue in office."

It is argued that the declaration of a dividend when a corporation is insolvent is a fraud on its creditors, and that section 2519 of the Kentucky Statutes applies. That section provides that:

"In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

If appellant's cause of action accrued when the dividends were declared and the alleged fraud was committed, even section 2519 affords her no relief, since more than ten years had elapsed since the perpetration of the alleged fraud. The last dividend of which complaint is made was declared in 1920, and the petition was filed on February 17, 1930. Construing the pleading most strongly against the pleader, it must be assumed that the last dividend was declared and paid prior to February 17, 1920. If the plaintiff's cause of action accrued on the date that his note became due, which was September 9, 1924, more than five years elapsed before he brought his suit, and the cause of action was barred by the five-year statute of limitations, unless, as alleged in the reply, the fraud upon which appellant relied was not discovered until within five years before the suit was brought and could not have been discovered sooner by the exercise of reasonable diligence on the part of the plaintiff. If the fraud relied upon is the alleged fraud in declaring dividends when the corporation was insolvent, section 2519 of the Statutes has no application, and it is immaterial whether the plaintiff's cause of action ac-

crued in 1920 when the alleged fraud was committed or on September 9, 1924, when his note became due.

The plaintiff's cause of action was based on a statutory liability. Section 548 of the Statutes imposes a liability on directors of corporations without reference to whether or not their act was fraudulent. The liability imposed by the statutes does not depend upon fraud, and the cause of action which it authorizes is not for fraud or mistake. The basis of the action authorized by the statute is a violation by a director of a corporation of his duty to exercise care in the management of the corporation's business, to know its condition, and to conserve its assets for the payment of its debts. The liability is not predicated on fraud, but is made absolute by the statute, and is dependent solely on the fact of insolvency when the dividends are declared and paid. Section 2515, Kentucky Statutes, which provides that an action upon a liability created by statute shall be commenced within five years next after the cause of action accrued, is the applicable statute, and, since the reply failed to allege facts constituting an avoidance of the plea of limitations, the demurrer thereto was properly sustained.

Some contention is made that the facts alleged in the reply constitute an obstruction within the meaning of section 2532, Ky. Stats., which reads:

> "When a cause of action mentioned in the third article of this chapter accrues against a resident of this state, and he, by departing therefrom or by absconding or concealing himself, or by any other indirect means obstructs the prosecution of the action, the time of the continuance of such absence from the state, or obstruction, shall not be computed as any part of the period within which the action may be commenced."

It is argued that the alleged false representations of G. A. Boyd bring the case within this section of the statutes. These representations, however, were made on or before September 8, 1924, when the last note was executed, and more than five years elapsed after the representations were made and after the note became due before this suit was filed. It is also alleged in the reply that false statements of the financial condition of the corporation were entered upon its books by the order of

the defendants acting as its directors, but it is not alleged that plaintiff had any knowledge of these entries on the books of the corporation. Manifestly the facts alleged do not constitute an obstruction within the meaning of section 2532. Reid v. Hamilton, 92 Ky. 619, 18 S. W. 770, 13 Ky. Law Rep. 849.

Judgment affirmed.