## Purcell v. Baker et al.

(Decided Nov. 30, 1937.)

HON. E. BERTRAM, S. F. BOWMAN and C. R. LUKER for appellant.

H. C. KENNEDY, B. J. BETHURUM, S. D. LEWIS, J. J. FELTON and LEWIS L. WALKER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On April 22, 1930, the Peoples Bank of Mount Vernon, Ky., pursuant to a resolution of its board of directors, was closed, and its affairs and assets placed under the control of the state banking commissioner who appointed A. M. Hiatt, special deputy banking commissioner, to take charge of the bank and liquidate and distribute its assets.

On May 1, 1935, Ben C. Purcell instituted this action against U. G. Baker, S. D. Lewis, J. C. Griffin, F. E. Miller, and R. H. Miller, directors of the bank, and alleged that, on the date the bank suspended business and was placed in charge of the state banking commissioner, he was a depositor thereof, and the bank was indebted to him in the sum of $1,990, which he sought to recover, subject to a credit of $471 paid him by the banking commissioner in dividends, it being shown by the report of the commissioner that final distribution had been made and that the assets and resources of the bank had been exhausted and no further dividends could or would be paid. He alleged that while the defendants were directors and officers of the bank they permitted divers and sundry persons to overdraw their accounts in violation of section 583, Kentucky Statutes, and set forth the overdrafts of various persons amounting to several thousand dollars; that the directors and officers permitted excess loans to be made and took worthless notes of persons in sums and amounts set forth in the petition amounting to many thousand dollars; that F. E. and R. H. Miller were also cashier and assistant cashier, respectively, and indebted to the bank in respective sums of $13,464.42 and $5,538.95; that defendants from time to time authorized, directed, and paid dividends when in fact and in truth there was no surplus or undivided profits, and in this way destroyed the entire capital stock of the bank in violation of sections 596 and 598, Kentucky Statutes; that at the time of the payment of such dividends the defendants were permitting the bank to carry on its books as assets many thousands of dollars of notes on which no interest had been paid for a period of more than six months; that the defendants as directors and officers of the bank did not exercise ordinary care or any care or diligence in the management and operation thereof, and by reason of their failure to do so the plaintiff had sustained the loss as above indicated; that, as shown by the reports of the banking commissioner, the excessive loans and overdrafts set out

in the petition were a total loss, and no part of same had. been collected, and defendants knew, or by the exercise of ordinary care and diligence could have known, that they were operating the bank in violation of the law, and that the loans set out were illegal and worthless because many of them were executed by persons who were well known to be insolvent; and that the sureties on many of the notes were wives of the principals.

After evidence was heard, it was adjudged that plaintiff's petition be dismissed and that he take nothing thereby and that defendants recover their costs.

Among other things in the judgment it is said:

"And the court having heard argument of counsel and being advised is of the opinion that the plea of limitation interposed by the defendants is well taken, and upon that issue the court is of the opinion that the plaintiff has failed to make out his cause."

Plaintiff is appealing.

Counsel for respective parties are in agreement that the liability, if any, of appellees is created by statute. Section 2515, among other things, provides:

"an action upon a liability created by statute, when no other time is fixed by the statute creating the liability * * * shall be commenced within five years next after the cause of action accrued."

It is therefore manifest that section 2515 applies in cases of this character, but the controversy between counsel for respective parties arises out of their conflicting ideas as to when "the cause of action accrued." As will be noted, the action was instituted more than five years after the bank suspended business and was taken over by the state banking commissioner but, as appears from the record, it was instituted a few days less than five years from the time the banking commissioner filed his first report in the circuit court which contained a detailed audit of the bank's affairs. It is the contention of appellant that limitations did not begin to run at least until this report was filed. On the other hand, it is contended by appellees that the cause of action, if any, accrued when the alleged illegal acts complained of in the petition occurred, and in no event later than the date on which the bank suspended business and went into the hands of the banking commissioner for

liquidation. All of the acts complained of, of course, occurred before that date.

Appellant relies on the case of Denny, State Banking Commissioner v. Kennedy, 229 Ky. 178, 16 S. W. (2d) 1030, 1032, which was an action by the state banking commissioner against the stockholders to enforce what is known as double liability under Kentucky Statutes, sections 547 and 595. The stockholders pleaded and relied on the five-year statute of limitations (section 2515) in bar of recovery, which plea was sustained. It was pointed out in the opinion that prior to the enactment of section 547a, Kentucky Statutes, such a suit against the stockholders could be instituted only by a creditor or creditors, but that under the latter section it was manifest that such action could now be maintained by a trustee, assignee, receiver, or commissioner, and it was evident from this statute that it was the legislative intent to thereby restrict the right of action to such fiduciaries. Further referring to the provisions of section 547a, supra, the opinion, continuing, said:

"Also the right to collect the double liability from the shareholders is not given to these fiduciaries until it is found necessary to make such collections under a proper administration of the assets, and then only upon an order of court, it is equally clear that the Legislature intended to postpone the right of action for such purpose until such time."

It will be noted that section 547a refers solely to the enforcement of the liability of stockholders and has no reference to actions to enforce any liability under sections 583, 596, and 598 of the Statutes, referred to and relied on in appellant's petition. Neither sections 583, 596, or 598 nor any other section to which our attention has been called or which we have found, except section 2515, supra, attempts to fix the time when a cause of action for their violation accrues. Mere disobedience to these statutes without fraud or any other charge of wrongdoing is relied upon by appellants to fasten liability upon appellees, hence no reason appears for extending the period of limitation fixed by the quoted part of section 2515 of the Statutes. As said in Olesen v. Retzlaff 184 Minn. 624, 238 N. W. 12, 14, 239 N. W. 672, 78 A L R 891, respecting a plea of limitations in a similar case:

"Courts enforce the statute as it is written; but

there is no policy which suggests that the statute of limitations, section 9191 (6), be construed unnecessarily in favor of a depositor so as to permit an action to be brought as an action for relief on the ground of fraud, when there is no actual fraud, but only an offended state policy.''

In McGill's Adm'x v. Phillips et al., 243 Ky. 768, 49 S. W. (2d) 1025, 1027, a creditor was seeking to enforce the liability imposed upon directors of a corporation by section 548 for declaring dividends while the corporation was insolvent. It was held in effect that, since the action was on statutory liability of the directors, the five-year limitation statute (section 2515) applied; that ''The liability is not predicated on fraud, but is made absolute by the statute, and is dependent solely on the fact of insolvency when the dividends are declared and paid.''

In Mobley, Superintendent of Banks v. Faircloth et al., 174 Ga. 808, 164 S. E. 195, 83 A. L. R. 1201, it was held that a cause of action against the directors of the bank to recover damages for their breach of duty in making excessive loans forbidden by statute accrued when such loans were made and that the statute was not tolled or suspended because the directors making such loans remained in control of the bank's affairs until liquidation. In annotations following Mobley v. Faircloth, supra, beginning at page 1204 of 83 A. L. R., a number of cases are cited bearing on the question of limitations in actions to recover from directors for excessive loans made in violation of statute. Without going into detail, it appears that the weight of authority as therein indicated is to the effect that the cause of action accrues when the excessive loan is made. A number of cases, however, are cited holding that the statute does not run in favor of such directors while they remain in control of the bank's affairs, but the cases cited are in practical unanimity that the statute begins to run when the acts complained of were committed, or, in any event, when the directors' control of the bank ceased. In Preston et al. v. Howell et al., 219 Iowa 230, 257 N. W. 415, 97 A. L. R. 1140, it was held that an action to recover under a statute imposing liability on officers and directors of a corporation to its creditors growing out of excess indebtedness over the statutory limit accrues when the indebtedness is created. As respecting national banks it is a general rule prevailing

in federal jurisdictions that a cause of action against directors of such bank for making excess loans in violation of statute is completed when the excessive loans are made. See Corsicana National Bank v. Johnson, 251 U. S. 68, 82, 40 S. Ct. 82, 88, 64 L. Ed. 141; Payne Receiver, v. Ostrus et al. (C. C. A.) 50 F. 2d 1039, 77 A. L. R. 531, and authorities therein cited. In Carter v. Harlan Hosptal Association et al., 265 Ky. 452, 97 S. W. (2d) 9, which was an action by a husband to recover damages for the loss of the society and services of his wife and for bills incurred for medical services caused by a surgeon's negligence in leaving forceps in her abdomen during an operation, it was held that the cause of action accrued at the time of the alleged act of negligence, although the negligence was first discovered and known when one-half of the forceps was discharged by the wife several months after the operation; and that the right of action was not suspended until the husband ascertained that he had a cause of action. In Commonwealth et al. v. Sammons et al., 180 Ky. 403, 202 S. W. 885, it was held in effect that a cause of action in favor of creditors upon the bond of personal representatives accrued when the accounts of such representatives were settled without exception and that limitations were not suspended while the parties litigated and until it was determined that there was something that might be subjected to the satisfaction of the creditor's claims.

In the light of the authorities cited it is apparent that appellant's cause of action, if any, accrued at the latest when the bank suspended business because of insolvency and its affairs were taken over by the banking commissioner, which was more than five years before the action was instituted, and under the pleadings the chancellor correctly concluded that the right of action was barred by the five-year statute of limitations.

From a consideration of the record as a whole, it is quite apparent that the judgment as to part of appellees would have to be affirmed on other grounds, but our conclusion respecting the question of limitations renders it unnecessary to determine any other question.

Judgment affirmed.