20955.   FARRAR *et al.* v. PESTERFIELD.

ARGUED JULY 11, 1960—DECIDED SEPTEMBER 8, 1960—
REHEARING DENIED SEPTEMBER 21, 1960.

312

*F. H. Boney, A. A. Farrar*, for plaintiffs in error.

*T. J. Espy, Jr., John W. Maddox, Matthews, Maddox, Walton & Smith*, contra.

MOBLEY, Justice. *Code* § 55-301 provides that the judge of the superior court may appoint a receiver of a fund or of property having no one to manage it. In *Parrish v. Rigell*, 183 Ga. 218 (188 S. E. 15, 107 A. L. R. 1385), it was held that a cause of action was stated in a petition brought in behalf of an insane person which alleged that the defendant by fraudulent practices had procured a power of attorney from the incompetent and was mismanaging and wasting his property, and which sought the appointment of a temporary and permanent receiver. The court in its ruling stated at page 223: "The *Code*, § 55-301, provides for the appointment of a receiver, not only when property is in litigation and the rights of parties cannot otherwise be fully protected, but also 'when there may be a

fund or property having no one to manage it.' It requires no strained construction to say that the words 'having no one to manage it' have reference, not to a mere physical management, but to a proper and efficient management. Mere physical management by an unfriendly or irresponsible person might conceivably be worse than no management at all, because it may amount to mismanagement and waste, if not destruction and total loss. Notwithstanding the oft-repeated rule that the power of appointing receivers should be prudently and cautiously exercised, and, except in clear and urgent cases, should not be resorted to, the power still remains in a court of equity in a proper case, and the discretion of the court will not be disturbed unless manifestly abused." See also *Waycross Military Ass'n v. Hiers*, 209 Ga. 812, 814(4) (76 S. E. 2d 486).

The question presented here is, whether, under the allegations of the petition, there is anyone to manage the property of the corporation. *Code Ann.* § 22-1864 provides: "The business of either corporation shall be managed by a board of not less than three directors or trustees, all of whom shall be of full age, subject only to such limitations as may be provided by this chapter or the charter or any amendments thereof or the bylaws of the corporation. Subject to such limitations as may be contained in the charter or bylaws, such board of directors shall have full control over the affairs of the corporation and may authorize the exercise of all its corporate powers." The bylaws of the corporation, as alleged, provide that the affairs of the corporation shall be managed and conducted by three directors, a majority of whom shall constitute a quorum. It is clear that, under the law and the bylaws of this corporation, the board of directors is vested with authority and charged with the duty of the management of the corporation.

The defendant Farrar, while acting as general manager of the corporation under authority given by the board of directors prior to their becoming deadlocked, is an agent of the corporation. *Knowles v. Rome Tribune Co.*, 127 Ga. 90 (56 S. E. 109). As a director of the corporation, he would not have authority to act for the corporation unless vested with such authority by the board. "A director may by express agreement or by usage be-

come the agent of the company, and his acts may become binding on it. But the mere fact that he is a director gives him no right to bind the company' by his acts or sayings. Directors act as a body, not by the statements of an individual director, unless he has received authority to speak for the company. *Garmany v. Lawton,* 124 Ga. 876 (53 S. E. 669, 110 Am. St. Rep. 207)." *Farmers Ginnery & Mfg. Co. v. Thrasher,* 144 Ga. 598, 603 (87 S. E. 804). See also *Monroe Mercantile Co. v. Arnold,* 108 Ga. 449(2) (34 S. E. 176). Without authority from a majority of the directors, no single director of the corporation, or any agent or other person, may act for the corporation, and is without authority to control and manage the business or property of the corporation. Although there are two directors of this corporation who constitute a majority of the directors provided for in the charter, they disagree as to the operation and management of the business of the corporation and are completely deadlocked. Therefore, the corporation is, in fact, left without anyone in legal control of its business, operation, or property.

"Where stock of corporation is owned in equal shares by two contending parties, which condition threatens to result in destruction of business, and it appears that parties cannot agree upon management of business, and under existing circumstances neither one is authorized to impose its views upon the other, court of equity may appoint receiver to preserve property of corporation, administer it, and, if necessary, dispose thereof for protection of creditors and owners." Saltz v. Saltz Bros., Inc., 84 F. 2d 246. The petition alleges just such a situation here, and under the statute, *Code* § 55-301, authorizing the judge of the superior court to appoint a receiver for property which has no one to manage it, a cause of action for the appointment of a receiver to take charge of the business and property of this corporation is alleged. The trial court properlyl overruled the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*