21033.   TRI-STATE BROADCASTING
COMPANY, INC., *et al.* v. PESTERFIELD.

382

*F. H. Boney, A. A. Farrar, Wright, Rogers, Magruder & Hoyt,* for plaintiffs in error.

*T. J. Espy, Jr., John Maddox, Matthews, Maddox, Walton & Smith,* contra.

ALMAND, Justice. This is the second appearance of the present litigation in this court. In *Farrar v. Pesterfield,* 216 Ga. 311 (116 S. E. 2d 229), it was held that the allegations of the petition (which allegations are fully set forth in the former decision and reference is here made to them) stated a cause of action for the appointment of a receiver to take charge of the property and business of Tri-State Broadcasting Company, a Georgia corporation; and the court accordingly affirmed the overruling of the general demurrer to the petition. In the present case error is assigned on the orders of the trial court, entered on the interlocutory hearing, overruling the defendants' motion to deny to the plaintiff the relief sought, denying the admission in evidence of an affidavit sought to be introduced by the defendants, and appointing a temporary receiver to take charge of and manage the moneys and property of the corporation.

█ This court in the former decision in this case held that, under the allegations of the petition, the defendant corporation was left without anyone in control of its business, operation or property; and that, under *Code* § 55-301, authorizing the judge of the superior court to appoint a receiver for property which has no one to manage it, a cause of action for the appointment of a receiver was alleged. The plaintiff on the interlocutory hearing introduced uncontradicted evidence which fully supported the essential allegations of the petition and demanded the finding

that the defendant corporation was in fact left without anyone in legal control of it; and thus, under the law of the case, the plaintiff was entitled to the appointment of a temporary receiver, as prayed, to take charge of the business and property of the corporation.

■ In the order appointing the temporary receiver, it was provided that the receiver should preserve the existing status of the corporation as a going business and should continue the conduct of the business in as nearly the same manner as it was being conducted at the time of the bringing of the suit, with full authority to carry on, manage, and operate said business, and to employ the managers, agents, and servants as at present employed.

It is contended by the defendants that, since the uncontradicted evidence in the case showed that at the time of the suit the corporation was engaged in the publication of a newspaper, and that said activity was being conducted at great financial loss to the corporation and constituted a drain on the profitable operations of the corporation, the court abused its discretion in ordering the temporary receiver to preserve the existing status of the corporation and to continue operating it in the same manner as at present, and thus compelling the corporation to operate its business under the direction and supervision of the court at a loss to its stockholders.

While the evidence discloses that the publication of the newspaper by the corporation has been at a loss since its inception, it is our opinion that it was regular and proper for the trial court in its order appointing the temporary receiver to direct him to continue the existing operation of the business. However, if it should later become apparent that, under the receivership, the business is operating at a loss, it would be the duty of the receiver, or of any interested party, to report that fact promptly to the court and seek further instructions and directions in the matter. Indeed, the trial court, in keeping with this principle, provided in its order that any party to the cause or the temporary receiver, at any time, might present a motion to the court to modify or terminate the order for good cause shown.

■ The affidavit which the defendants attempted to intro-

duce in evidence at the interlocutory hearing purported to show the minutes of a meeting of the stockholders of the corporation, which was held on June 10, 1960, after the interlocutory hearing had begun. These minutes simply show that the two stockholder-directors were again unable to agree on the election of a third director of the corporation. This failure or inability of the parties to elect a third director, and thereby provide the corporation with a legal governing body, was one of the allegations of the petition and the gravamen of the present action; and the refusal of the trial court to admit said affidavit in evidence could not have been harmful to the defendants.

Accordingly, the judgment of the trial court, not being erroneous for any reason assigned, must be and is

*Affirmed. All the Justices concur.*