## 57951. FLO-CONTROL, INC. v. NORTHEAST BANK.

BIRDSONG, Judge.

This is a conversion suit. Both parties moved for summary judgment. Appellee bank's motion was granted. The correctness of this judgment is the only issue on appeal.

The operative facts are not in dispute. One Holcombe was employed by appellant Flo-Control as its bookkeeper. In December, 1974, he obtained a check payable to appellant drawn by Georgia Power Company. Then Holcombe appeared at appellee bank and stated to a bank employee that he wanted to open a corporate account in the name of Flo-Control. An account information form was filled out and completed and the account opened in appellant's name. Holcombe was advised by the appellee's employee that the bank required a corporate resolution. He then endorsed the Georgia Power check "for deposit only — Flo-Control, Inc." and the check was deposited.

The following day, Holcombe without authority obtained a corporate resolution form and he affixed the corporate seal of appellant to the resolution. He also supplied a fictitious name to the resolution as secretary of appellant. The resolution as completed stated that Holcombe was the President of Flo-Control and that he had sole authority to endorse, deposit, draw checks on the account of appellant in appellee bank. The resolution or new bank account was not in fact authorized by appellant. Holcombe delivered it to the appellee. Thereafter for about eight months, he took a number of checks made payable to appellant, endorsed and deposited them in the account in appellee bank. After depositing them, he then drew checks on this corporate account made payable to himself or to cash in the total amount of $16,783.82. Holcombe as its bookkeeper had the general authority to endorse appellant's checks and in the normal course of his duties, all checks made payable to plaintiff would come to his attention. *Held:*

Appellee contends that the provisions of Code § 13-2042 and Code § 41A-1605 insulate it from any liability. Code § 13-2042 provides in part: "Whenever any agent, administrator, executor, guardian, trustee, either express or implied, or other fiduciary whether bona fide or mala fide shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit or any part thereof, upon the check of such agent, administrator, executor, guardian, trustee, or other fiduciary, signed with the name in which such deposit was entered, without being accountable in any way to the principal cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited."

Code § 41A-1605 (a) superseded the above statute, effective April 15, 1975. Except for two minor changes in language, the latter statute is identical to the former. Holcombe made deposits and withdrawals while one or the other statutory provisions was in effect. The Supreme Court considered the applicability of Code § 13-2042 as a defense in *Trust Co. v. Nationwide Moving &c. Co.,* 235

Ga. 229 (219 SE2d 162). In holding against the appellee bank, the Supreme Court, after noting that the plaintiff Nationwide had shown that its admitted agent did not have the proper corporate resolution authorizing the opening of an account and that plaintiff had contended that a corporate resolution authorizing the opening of an account was always required, held ". . . we agree the bank could easily protect its interests by requiring a proper corporate resolution showing the agent's authority to act for the corporation, . . ." p. 233. The plaintiff argues that defendant cannot rely on Code § 13-2042 as here there is an absence of a "proper corporate resolution" as the one submitted was a forgery engineered by Holcombe. (At this juncture, we note that if a "proper" resolution had in fact been submitted, this lawsuit would never have arisen.) Nonetheless, examining the resolution in this case, it appears on its face to be completely proper in all respects and the forgery aspect could only be ascertained by requiring the bank make further inquiry with appellant. Again in *Nationwide,* the Supreme Court stated: "It is clear that the statute is designed to protect a bank from liability where an agent or fiduciary misappropriates funds of the owner in breach of his agency or trust without the bank's knowledge. The bank is not required to scrutinize every check written by a fiduciary or agent to see if the check is written in compliance with the agent's authority." p. 230.

Similarly, we hold that a bank when presented a corporate resolution proper on its face together with a seal affixed as here is not required to make further inquiry behind it to determine whether it is genuine or a forgery. Once a resolution is received regular on its face, the bank can rely on it and on this statutory defense when a breach of trust by an agent or fiduciary occurs.

Appellant makes the further contention that our decision in *National Bank of Ga. v. Refrigerated Transport Co.,* 147 Ga. App. 240 (248 SE2d 496) controls this case. This latter case is distinguishable as it did not apply the statutory defense discussed above. It held that the defense of good faith and reasonable commercial standards found in Code § 109A-3 — 419 (3) did not apply to certain checks which contained forged endorsements and endorsed in

such a manner as to place a banking institution on notice of the forged endorsements.

Accordingly, the undisputed facts in this case show that appellee bank was entitled to judgment as a matter of law. Summary judgment was correctly granted to appellee.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED JULY 13, 1979 —
REHEARING DENIED JULY 25, 1979 — ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Poole, Pearce, Cooper & Smith, Robert R. Smith,* for appellant.

*Macey & Zusmann, Steven Schaikewitz,* for appellee.