A89A1023. ROSSVILLE BANK et al. v. SOUTHEAST FEDERAL SAVINGS BANK.
(385 SE2d 9)

BIRDSONG, Judge.

This is an appeal from the trial court's order granting appellee/defendant's motion for summary judgment, and denying appellant/plaintiff's motion for new trial and to set aside the grant of summary judgment.

John W. Brock, Jr., owned two-thirds interest in the Brock Insurance Agency, and Marie H. Davis owned the remaining one-third. John Brock served as president of the agency. He obtained certain unsecured loans from appellant banks, and thirteen loans, allegedly secured by pledge of an agency bank account, from appellee Southeast Federal Savings Bank. Subsequently, John Brock died and appellee bank obtained permission from Paul Brock, the deceased's son and new agency president, to offset the outstanding loan against the account which had been pledged as loan collateral. Appellants brought suit on the grounds of fraud, and settled with all defendants except the appellee. As part of the settlement agreement, appellants were assigned any claims that the estate of the deceased, the Brock Insurance Agency, and the administrator of the estate may have against appellee bank. Appellants subsequently amended their complaint against appellee bank to aver that appellee had engaged in an

improper offset constituting a breach of the contractual banking relationship between the agency and the appellee, and to aver an improper conversion of funds by the appellee. The thirteen loan documents on their face reflect that the deceased used varying forms of signatures when executing the notes. For example, on the earliest note in the series, the deceased signed it "John W. Brock, Jr.," followed by the signature of "Brock Insurance Agency by John Brock, Jr." Conversely, some notes were merely signed "John W. Brock, Jr.," and some notes although signed "John W. Brock, Jr.," reflected the name of the Agency elsewhere on the document though not part of the note per se. *Held*:

1. Appellants assert that the trial court erred in granting the appellee's motion for summary judgment as the thirteen notes were, as a matter of law, personal obligations of John Brock, Jr. Specifically, appellants argue that if the notes were the personal obligations of the deceased, the appellee would have no right to offset these obligations from a corporate savings account. Compare *Yeomans v. Coleman &c. Co.*, 167 Ga. App. 646 (307 SE2d 121) and *Citizens &c. Bank v. AVCO Fin. Svcs.*, 129 Ga. App. 605 (200 SE2d 309).

Appellants contend that under the provisions of OCGA § 11-3-403, all thirteen notes, as a matter of law, give rise to an individual indebtedness by John W. Brock. Pretermitting this question is the issue of whether parole evidence can be introduced to show the true intent of the parties as to the individual or corporate nature of the indebtedness. The cases of *Bostwick Banking Co. v. Arnold*, 227 Ga. 18 (178 SE2d 890) and *Southern Oxygen &c. Co. v. De Golian*, 230 Ga. 405 (197 SE2d 374) are distinguishable. This case is controlled by *Federal Deposit Ins. Corp. v. West*, 244 Ga. 396 (260 SE2d 89), and accordingly, parole evidence is admissible to establish whether the parties intended that John W. Brock, Jr., sign his name to the notes in a representative capacity thereby giving rise to a corporate rather than an individual indebtedness. Id. at 399 and 399 n. 4; see *Hawkins v. Turner*, 166 Ga. App. 50 (1) (303 SE2d 164). We find a genuine issue of fact exists as to the individual or corporate nature of the indebtedness.

2. Appellants assert that John W. Brock lacked the authority, in the absence of a corporate resolution as required by OCGA § 14-5-5, to make the thirteen loans and to pledge a corporate asset for these loans.

OCGA § 14-5-5, repealed effective July 1, 1989, pertinently provided that "[n]o director or officer of any corporation shall use or borrow for himself directly or indirectly any money or other property belonging to any corporation of which he is a director or officer without the permission of a majority of the board of directors or of a majority of a committee of the board authorized to act for the board."

Nothing in this Code section expressly requires that the permission to act be granted solely in the form of a corporate resolution. While it is usually preferred to have the board's authorizations reflected formally in a corporate resolution "that method is not the exclusive one for establishing the existence either of authority or of inherent agency power" to make loans and pledge corporate assets therefore. *Trust Co. &c. v. Nationwide Moving &c. Co.*, 235 Ga. 229, 233 (219 SE2d 162); see also *Flo-Control v. Northeast Bank*, 150 Ga. App. 880, 882 (258 SE2d 695). Thus, for example, a director's or officer's authority to act for the corporation also can be established by a course of dealings or usage in which the directors or stockholders have acquiesced. See generally *Farrar v. Pesterfield*, 216 Ga. 311, 313-314 (116 SE2d 229); *Newton v. Social Circle &c. Co.*, 174 Ga. 320, 323 (162 SE 667); *Garmany v. Lawton*, 124 Ga. 876 (1) (53 SE 669). Normally, the question of whether authority to act exists by reason of usage or course of business dealings is a question of fact to be resolved by the factfinder. We find no reason to depart from this principle in this case.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 7, 1989 —
REHEARING DENIED JULY 18, 1989 — 

*Patrick, Beard & Richardson, Gary R. Patrick, John W. Beard, Robert L. Lockaby, Jr., William Crutchfield*, for appellants.
*Gleason & Davis, John W. Davis, Jr.*, for appellee.