S95A1715, S95A1918. BLACK v. GRAHAM et al. (two cases).
(464 SE2d 814)

HINES, Justice.

These consolidated appeals challenge the dissolution and liquidation of a corporation.

Graham and Black were each 50 percent shareholders of a building supplies business. Graham filed a petition to dissolve the corporation pursuant to OCGA § 14-2-1430.[1] By consent order, the superior

---

[1] Graham's petition was premised on subsections (2) (A), (C) & (D) of the statute.

court appointed a custodian with full powers to run the day-to-day operations. Subsequently, the court concluded that Black and Graham functioned as directors and were deadlocked within the meaning of OCGA § 14-2-1430 (2) (A), and that there were adequate grounds to dissolve the corporation because of the lack of cooperation between Black and Graham and its probable irreparable harm to the business. It entered an order directing that within one week of receiving an expected appraisal, each would submit a sealed bid in writing for the other's stock. The custodian was to accept the high bid and the purchaser was to immediately tender the purchase price. In the event neither shareholder made a bona fide offer or for any reason the purchase could not be completed, the custodian would be redesignated the receiver and proceed to dissolve the corporation. See OCGA § 14-2-1432 (c), (d) & (e). The sale was unsuccessful, and by subsequent order, the court converted the custodianship into a receivership, directing that the receiver wind up and liquidate the business affairs of the corporation.

In Case No. S95A1715, Black appeals from the order providing for either a forced sale or redesignation as a receivership.[2] Case No. S95A1918 is Black's appeal from the order naming the receiver and directing liquidation.

1. A deadlock occurs

"[w]here stock of [a] corporation is owned in equal shares by two contending parties, which condition threatens to result in destruction of business, and it appears that [the] parties cannot agree upon management of [the] business, and under existing circumstances neither one is authorized to impose its views upon the other, . . ."

*Farrar v. Pesterfield*, 216 Ga. 311, 314 (116 SE2d 229) (1960). The evidence in this case portrays a classic situation of deadlock. Compare *Gregory v. J. T. Gregory & Son*, 176 Ga. App. 788 (338 SE2d 7) (1985). Black and Graham as sole and equal shareholders functioned as de facto directors who were wholly unable to agree on the management of the business. Neither had the authority to prevail in his view and the hostile and static situation threatened irreparable injury to the corporation. Under these circumstances, the appointment of a receiver and dissolution was warranted. *Farrar*, supra at 314.

2. Having shown deadlock and the threat of irreparable injury, Graham did not also have to show misapplication or waste of corporate assets, which is an alternative basis for dissolution. OCGA § 14-

---

[2] The order is directly appealable in its own right because it alternatively granted application for a receiver. OCGA § 5-6-34 (a) (4).

2-1430 (2) (D).

3. The trial court was not divested of jurisdiction to enter the final order by the filing of the notice of appeal from the earlier ruling. The filing of a notice of appeal does not act as a supersedeas in the case of a receivership, OCGA § 9-11-62 (a), and the final order merely implemented the earlier determination that the business would go to a receiver for the purpose of dissolution.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Barnes, Browning, Tanksley & Casurella, Jeffrey G. Casurella, Jerry A. Landers, Jr., George T. Smith,* for appellant.
*Rowe, Foltz & Martin, Mitchell S. Rosen, Pamela R. Masters, Vinson, Talley, Richardson & Cable, Kenneth G. Vinson,* for appellees.