A97A0953. ROSSVILLE BANK et al. v. BANKERS FIRST SAVINGS BANK, F.S.B.
(490 SE2d 548)

BLACKBURN, Judge.

Rossville Bank, First American National of Chattanooga, and NationsBank (collectively plaintiffs) sued Bankers First Savings Bank f/k/a Southeast Federal Savings Bank (Southeast), alleging that Southeast improperly set off a corporate savings account to satisfy the personal debt of the corporation's former president. Following a bench trial, the court entered judgment for Southeast. Plaintiffs filed this appeal, contending that the court erroneously concluded that the debt was corporate debt, that the account was properly pledged as collateral for the debt, and that the corporation ratified the actions of its former president. Because the evidence at trial showed that Southeast did not in fact set off the account, we affirm.

Between 1973 and 1980, John W. Brock, Jr., the president and majority shareholder of Brock Insurance Agency, executed 13 separate promissory notes in favor of Southeast. Some of the notes were clearly signed by Brock on behalf of Brock Insurance Agency, while others did not clearly indicate a representative capacity. In each of the notes, Brock purported to pledge a corporate savings account as

collateral.

After Brock died, the officers of Brock Insurance Agency learned of the pledge of the savings account for the loans. After concluding that the debt was corporate debt, the corporation paid off the loans using the proceeds of the savings account.

On December 3, 1984, plaintiffs, who had made separate loans to Brock individually, sued Brock's estate, Brock Insurance Agency, various members of Brock's family, Southeast, and others, alleging that such loans had been fraudulently obtained by Brock and that the proceeds of the loans had been used for the benefit of the defendants. Plaintiffs subsequently settled with all defendants except Southeast and obtained an assignment from such defendants of their claims against Southeast. In their capacity as assignees of Brock Insurance Agency, plaintiffs then amended their complaint, alleging that Southeast committed a breach of contract and conversion by setting off Brock Insurance Agency's corporate account to satisfy a personal debt of Brock. The trial court granted summary judgment to Southeast, and plaintiffs appealed. In *Rossville Bank v. Southeast Fed. Sav. Bank*, 192 Ga. App. 384, 385 (385 SE2d 9) (1989), we reversed, finding that there was a genuine issue of fact as to whether the notes were executed in an individual or corporate capacity.

At trial, plaintiffs did not pursue the claims asserted in their original complaint, but merely the breach of contract and conversion claims asserted in the amended complaint as assignees of Brock Insurance Agency. Following a bench trial, the trial court entered judgment for Southeast, and it is from this judgment that plaintiffs appeal.

1. Plaintiffs contend the trial court erred in finding that the notes were corporate obligations, that the account was properly pledged as collateral, and that the corporation ratified Brock's acts in obtaining the loans and pledging the corporate account. It is not necessary to consider these contentions, however, as the evidence demonstrated that Southeast did not in fact set off the account.

The essence of the plaintiffs' claim is that (1) Brock's pledge of the corporate account to secure his alleged personal obligations was unauthorized, (2) the pledge was therefore invalid, and (3) Southeast therefore committed a breach of contract and conversion by setting off the account against Brock's personal indebtedness. However, the evidence at trial revealed that Southeast did *not* in fact set off the account. Rather, Brock Insurance Agency voluntarily withdrew $223,837.19 in cash from its savings account and used such funds to pay off the loans. The trial court found that this payment was a voluntary and conscious act on the part of the corporation's president, with the knowledge of its shareholders. This fact is fatal to plaintiffs' claims, which are based on alleged improper conduct by *Southeast* in

*setting off* the account. If the officers of Brock Insurance Agency acted improperly in using corporate assets to pay off a purportedly personal debt, plaintiffs have not demonstrated how this states a cause of action against Southeast. Moreover, it should be remembered that the plaintiffs are suing as the assignees of Brock Insurance Agency, the entity which voluntarily recognized the corporate debt and paid off the loan. Plaintiffs thus stand in the corporation's shoes for purposes of prosecuting any claim. Brock Insurance Agency could not state a claim against Southeast for its own voluntary acts, and plaintiffs are likewise prevented from doing so. Plaintiffs have no wrongful set-off claim against Southeast for no set-off in fact occurred, and the entity in whose shoes it stands, voluntarily withdrew funds from the account to pay off a debt. Accordingly, the trial court did not err in finding for Southeast.

2. As a result of the above holding, it is not necessary to consider plaintiffs' contentions that the court erred in making various factual findings.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1997 — 

*Gearhiser, Peters, Lockaby & Tallant, Robert L. Lockaby, Jr., Patrick, Beard & Richardson, Gary R. Patrick,* for appellants.
*Davis & Kreitzer, John W. Davis, Jr.,* for appellee.